IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

FILED
AUG 1 0 2005
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel., MICHAEL HILDEBRAND, M.D.<br><br>Plaintiffs,<br><br>v.<br><br>ALLIANCE MEDICAL GROUP, et al.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) No. MO-04-CV-095<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' REPLY TO RELATOR'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Relator does not provide *any* factual basis for any of the allegations he pleads "on information and belief," nor does he add *any* additional particulars regarding Defendants' alleged misconduct. Instead, his "response" to Defendants' Motion to Dismiss is simply that he cannot be expected to comply with federal pleading requirements without access to the discovery process. Unfortunately for Relator, the Fifth Circuit has plainly held that federal pleading requirements must be satisfied at the time the complaint is filed. *See, e.g., United States ex rel. Russell v. Epic Healthcare Management Group*, 193 F.3d 304, 308 (5th Cir. 1999). Because the Relator himself acknowledges that he cannot satisfy Fed. Rule Civ. P. 9(b), his complaint must be dismissed.

# ARGUMENT

Like his complaint, Relator's reply is replete with vague, unsupported claims:

¶ 7: "The Relator....cannot know the name of every single patient the Defendants have billed Medicare/Medicaid...."

¶ 9: "The exact dates and times cannot be given at this time *until discovery has been completed.*"

¶ 11: "Some of the Defendant(s) and/or their families owned certain companies which, *on information and belief,* did business with the Defendant(s).[1]

¶ 12: "*On information and belief,* the use of a certain medical device(s) were restricted to use by one (1) or very few companies."

¶ 13: "*On further information and belief,* there was a kick-back when trips to Las Vegas, Nevada and other places were made by the Defendant(s)."

¶ 14: "*[O]n information and belief,* improper coding, unnecessary procedures having been performed and a total lack of care for the patients"

¶ 22: "It would be impossible, at this time to name all employees of Defendant(s)...who may have been a participant in the acts complained of by Relator. It cannot be known the exact name(s) of the individuals who performed the calculations and sent the billings....The identity of the specific documents presented to the billing clerk and/or data entry clerk to be submitted to the United States cannot be known *until discovery has commenced.*"

¶ 24: "*On information and belief,,* the Relator...states that there were false filings."[2]

¶ 25: "The difference between Alliance Medical Group, Ltd. and Alliance Hospital is not known and cannot be known *until discovery has commenced....[O]n information and belief,* there has been a violation of the Stark Act."

¶ 26" "*In all probability,* the bills submitted to the United States Government by the Defendants for payment were sent through a third party contractor...."[3]

---

[1] In *United States ex rel. Obert-Hong v. Advocate Health Care*, 211 F.Supp.2d 1045, 1049 (N.D. Ill. 2002), the court for the Northern District of Illinois held that because the disputed arrangements may have fallen within a safe harbor, "[w]e cannot presume [the arrangements] to be unreasonable; the complaint must particularly allege facts showing that they are."

[2] Relator's failure to allege a link between the alleged misconduct and the actual submission of a false claim is fatal. *See, e.g., United States ex rel. Clausen v. Laboratory Corp. of America, Inc.*, 290 F.3d 1301, 1310 (11th Cir. 2002) (Rule 9(b) does not permit a relator "merely to describe a private scheme in detail but then to allege simply and without any stated reason for his belief that claims requesting illegal payments must have been submitted or should have been submitted to the Government.")

(emphasis added). In short, there is not a *single* accusation that Dr. Hildebrand makes against Defendants without equivocation, qualification, or the admission that he currently has no idea whether the allegations are true or false.

Under clear Fifth Circuit precedent, a relator cannot satisfy the requirements of Rule 9(b) by pleading fraud "on information and belief" unless two prerequisites are met: (1) the information is not possessed by other entities, such as the government; and (2) the plaintiff, at a minimum, sets forth the factual basis for his belief. *United States ex rel. Russell*, 193 F.3d 304, 308-309 (5th Cir. 1999) (*citing United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)). When, as in this case, these two prerequisites are not met, the relator must comply with the pleading requirements of Rule 9(b) as plainly defined by the Fifth Circuit. *See, e.g., United States ex rel Doe v. Dow Chemical Co.*, 343 F.3d 325, 329 (5th Cir. 2003) ("The 'time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby' must be stated in a complaint alleging a violation of the FCA in order to satisfy Rule 9(b)."); *United States ex rel. Willard v. Humana Health Plan of Texas, Inc.*, 336 F.3d 375, 384 (5th Cir. 2003) (same). Relator does not even cite these cases (or indeed *any* cases)--much less give any rationale whatsoever as to why his complaint is somehow exempted from binding Fifth Circuit precedent.

Instead, Relator argues he cannot support his FCA allegations until he has access to discovery.[4] Here again, Relator runs afoul of Fifth Circuit case law which holds that plaintiffs

---

[3] An attempt by an another relator to rely on "probability" to satisfy Rule 9(b) in lieu of an actual factual basis was roundly rejected by the Fifth Circuit in *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997).

[4] Relator seemingly blames HIPAA privacy rules for his inability to properly comply with Rule 9(b) and to provide the court with relevant information. *See, e.g.,* ¶¶ 9, 26. Defendants are aware of no restriction under federal law that would proscribe a plaintiff's ability to file relevant information under seal with the court, or at the very least, to

are not allowed to file unfounded suits in the possible hope of uncovering relevant information during discovery. *See, e.g., United States ex rel. Russell*, 193 F.3d at 309 (FCA is not designed to provide a relator a "ticket to the discovery process"); *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 178 (5th Cir. 1997) (court stated in civil RICO case that "[d]irectly put, the who, what, when, and where must be laid out *before* access to the discovery process is granted."). *See also United States ex rel. Karvelas v. Melrose-Wakefield Hospital*, 360 F.3d 220, 231 (1st Cir. 2004) ("relator may not present general allegations in lieu of the details of actual false claims in the hope that such details will emerge through subsequent discovery"); *United States v. Clausen*, 290 F.3d 1301, 1313 n.24 (allowing a plaintiff to "learn the complaint's bare essentials through discovery... may needlessly harm a defendant['s] goodwill and reputation"); *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003) ("The very purpose of Fed. R. Civ. P. 12(b)(6) 'is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery.'"). In dismissing a similarly unfounded *qui tam* complaint on Rule 9(b) grounds, the court in *United States ex rel. Williams v. Bell Helicopter*, Civ. Act. 02-996, 2004 WL 579505, * 5 (N.D. Tex. Mar. 18, 2004) (not reported in F.Supp.2d) stated:

> The court has the impression that relator's scatter-shot complaint has as its goal providing a vehicle for pretrial discovery that he hopes will give him knowledge that might enable him to succeed in a claim against Bell. This practice is not contemplated by the FCA or Rule 9(b). Moreover, while relator's current pleading contains an abundance of words, that quantity still does not satisfy as to any of his theories of recovery the "who, what, when, where, and how" specificity requirement the Fifth Circuit reads into Rule 9(b).

Finally, Relator's half-hearted request that he be allowed to amend his complaint (¶ 29(c)) must also be denied out of hand. A "bare request in an opposition to dismiss—without any indication of the particular grounds on which the amendment is sought, does not constitute a

---

file relevant information without providing actual protected health information, *e.g.*, redacting specific patient-identifying material.

motion within the contemplation of Rule 15(a)." *United States ex rel. Doe*, 343 F.3d at 331 (*citing United States ex rel. Willard v. Humana Health Plan.*, 336 F.3d at 386-87). As with the plaintiff in *Doe*, Relator here offers no grounds on which an amendment should be permitted and thus justifies denial of Relator's request to amend. *Id.*

## CONCLUSION

For all of the above reasons, Defendants respectfully request that Dr. Hildebrand's Complaint be dismissed with prejudice as to all Defendants under Rules 12(b)(1), 12(b)(6) and 9(b), and that his request to amend his Complaint be denied.

|  | Respectfully submitted, |
|---|---|
| Frederick Robinson by Randal Patterson by permission | Daniel J. Hollmann SBN 09882800 |
| FULBRIGHT & JAWORSKI, LLP | Randal Patterson SBN 15603600 |
|  | HOLLMANN, LYON, PATTERSON & DURELL, INC. |
| 801 Pennsylvania Ave., NW | 5030 East University Blvd., D-103 |
| Washington, DC 20004 | Odessa, Texas 79762 |
| (202) 662-0200 Telephone | (432) 363-1300 Telephone |
| (202) 662-4643 Facsimile | (432) 363-1300 Facsimile |
| Attorneys for Defendants | Attorneys for Defendants |

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served upon Plaintiff's counsel of record Gerald Fugit and upon United States Attorney James W. Jennings, Jr. on the 10th day of August, 2005.

Randal Patterson